CITY OF MONTICELLO, Kentucky, etc.,
Appellants,

v.

Howard RANKIN et al., Appellees.

Court of Appeals of Kentucky.

March 21, 1975.

Bruce H. Phillips, Monticello, for appellants.

James M. Frazer, Monticello, for appellees.

REED, Chief Justice.

Appellant, City of Monticello, Kentucky, erected a sewage treatment plant in 1964. Appellees are property owners and residents of an area near the plant. Appellees sought injunctive relief against the continued operation of the plant. They alleged that the operation of the plant constituted a nuisance because it emitted very offensive odors and interfered with appellees' quiet use and enjoyment of their homes and adjacent premises.

In November 1971, the chancellor filed his findings of fact and conclusions of law in accordance with which he entered judgment directing abatement of the nuisance caused by operation of the sewage treatment plant. The judgment gave the city until June 1972 to take corrective measures to abate the nuisance. The judgment further directed that if the nuisance was not abated the continued operation of the sewage disposal plant was enjoined.

The appellant-city appealed the judgment on the bases that the appellees-property owners had no standing to enjoin an operation that constituted a public nuisance and that the trial court abused its authority because the operation involved a governmental function. We affirm the judgment.

Although the city would have us accept its version of the conflicting evidence, it appears that the findings of fact made by the trial judge were supported by substantial evidence. They are, therefore, binding on appeal. CR 52. The trial court found that the complaining property owners were obstructed in the use and enjoyment of their homes by obnoxious and offensive odors which emanated from the sewage disposal plant. A number of high school students and school officials of the Wayne County High School, which is located close to the plant, testified that the odor was "offensive," "unbearable," and "pretty repulsive."

The trial judge also found from the evidence, including the testimony of the consulting engineer who designed the plant, that a sewage disposal plant properly constructed and properly maintained would not create offensive odors. The trial court also found that the city had done nothing about the situation and had shown a total lack of concern except for making a cursory investigation in 1967 followed by no effective action to alleviate the conditions.

The city argues that a private individual may not maintain an action to abate a public nuisance by injunction. It has frequently been written that a private individual has no action for the invasion of the purely public right, unless his damage is in some way to be distinguished from that sustained by other members of the general public. It is also generally recognized, however, that where there is any substantial interference with the plaintiff's use and enjoyment of his own land, this makes the nuisance a private as well as a public one, and since the plaintiff does not lose his right as a land owner merely be-

cause others suffer damage of the same kind, or even of the same degree, there is general agreement that he may proceed upon either theory, or upon both. Prosser, Handbook of The Law of Torts, Sec. 88, 588–589 (Fourth Edition, 1971). In Bartman v. Shobe, Ky., 353 S.W.2d 550, 555 (1962), we said: "No one would deny, for example, that a shaking of the earth or a diffusion of revolting odors can be just as offensive and destructive of property values as a stream of water, and an equally effective invasion of the offended party's property rights."

Ownership or rightful possession of land necessarily involves the right not only to the unimpaired condition of the property itself, but also to some reasonable comfort and convenience in its occupation. Although damages for a permanent nuisance were denied in City of Harrodsburg v. Brewer, 243 Ky. 378, 48 S.W.2d 817 (1932), the emission of foul odors by a sewage treatment plant interfering with the use and enjoyment of nearby property was regarded under the evidence in that case as a temporary nuisance and the city was declared subject to liability. We reject the city's argument that the property owners could not maintain the action in this case.

The city's contention that the trial court exceeded its authority when it directed abatement of the nuisance, and upon failure to abate, injunctive relief presents a more difficult question. In Louisville and Jefferson County Air Bd. v. Porter, Ky., 397 S.W.2d 146, 150 (1965), this court said that under the theory of nuisance adopted in Louisville Refining Company v. Mudd, Ky., 339 S.W.2d 181 (1960), an activity which would constitute a nuisance if conducted for private gain may not necessarily be a nuisance when it is conducted for an important public gain pose. We, however, are of the view that Porter gives little comfort to the city in this case. In Porter, the noise and inconvenience caused by necessary airport operations were inherent and relatively nonremedial incidents of the airport operation.

In this case, however, the trial court found that the emission of noxious odors was not a usual attribute of a properly maintained sewage treatment plant constructed according to the design of the consulting engineer. In Brewer, this court found from the evidence in that case that a properly constructed sewage treatment plant would eliminate noxious odors when the city acquired greater familiarity with the proper method of operation of the activity.

The city cites Bartman v. Shobe, Ky., 353 S.W.2d 550 (1962), wherein this court considered when injunctive relief was proper in a nuisance case. Shobe points out that the interests of the parties and the public must be balanced in granting or withholding the equitable remedy of injunction. The interest of the community and the public at large must be thrown into the scale. Where liability for money damages is concerned, the defendant's conduct may be found to be so unreasonable that he should pay for the harm his activity is causing but where an injunction is in question it may be found to be still so far reasonable that he should be allowed to continue it if payment is made. See Prosser, Handbook, The Law of Torts, Sec. 90, 604 (Fourth Edition, 1971).

Therefore, it would appear that in many instances of the operation of public services the plaintiff may be expected to bear a degree of inconvenience that would not be expected from an activity conducted for private gain. In such situation the plaintiff may not be entitled to either damages or injunction. In other situations involving the activity of providing a public service, the degree of harm to the plaintiff may be sufficiently great as to entitle him to damages but not to injunctive relief that would cause a cessation of the activity. In still other instances, in which we conclude the present case falls, though the activity provides a public service, where the degree of harm caused the plaintiff is patently unreasonable and the cause of the harm is not a necessary or ex-

pectable incident of the operation and is remedial at relatively insignificant cost, then the plaintiff is entitled to an injunction, particularly where, as here, the defendant is afforded adequate opportunity to remedy the cause of the harm.

We, therefore, conclude that upon the basis of the findings made by the trial judge we are unauthorized to disturb his solution to the controversy.

The judgment is affirmed.

All concur, except JONES, J., who did not sit.